# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **GIRALDO DURAN-DE LA TORRE,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**WARDEN, ERO EL PASO CAMP EAST MONTANA; MARY DE ANDA-YBARRA, FIELD OFFICE DIRECTOR, ERO EL PASO FIELD OFFICE; DAVID VENTURELLA, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; AND TODD BLANCHE, ACTING ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;**<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § | **No. 3:26-CV-02078-LS** |

**ORDER DISMISSING CASE**

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging Petitioner's detention by Immigration and Customs Enforcement ("ICE").[1]

An immigration judge ordered Petitioner removed in 2023 but he was not detained in immigration custody until July 28, 2026.[2] "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."[3] The Supreme Court holds, however, that detention for up to six months to effect the deportation is presumptively

---

[1] ECF No. 1.
[2] *Id.* at 6, 8.
[3] 8 U.S.C. § 1231(a)(1)(A).

reasonable.[4] "After this six-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[5] Petitioner is still within the six-month period the Supreme Court deems presumptively reasonable. He was also offered, and refused, removal to Mexico.[6]

For the foregoing reasons, Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE**. All pending motions are denied. **THE CLERK SHALL CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 24, 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[4] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).
[5] *Id.*
[6] ECF No. 3-1 at 1.